IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-hc-02113-BO

TONY C. SPIVEY,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　Petitioner,　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　　)　　**ORDER**
　　　　　　　　　　　　　　　　　　　　)
WARDEN FMC BUTNER,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　Respondent.　　　　　　)

On April 10, 2019, Tony C. Spivey ("petitioner"), an inmate at F.M.C. Butner, filed pro se a petition for writ of habeas corpus under 28 U.S.C. § 2241. [D.E. 1]. The court now conducts its initial review under 28 U.S.C. § 2243 and, for the reasons discussed below, dismisses the petition for lack of jurisdiction.

## Background:

On October 25, 2011, in the United States District Court for the Eastern District of Virginia, petitioner pleaded guilty to one count of Conspiracy to Distribute and Possess with Intent to Distribute Heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A). See United States v. Spivey, No. 4:11-cr-00055-AWA-DEM-19, Plea Agreement [D.E. 468] (E.D. Va. Oct. 25, 2011). Petitioner was deemed a career offender under section 4B1.1 of the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") based on "one prior conviction for a 'crime of violence' (Virginia robbery) and one prior conviction for a controlled substance offense (possession with intent to distribute cocaine)." Id., Order [D.E. 1525]. Because the United States agreed under the terms of the plea agreement not to seek enhanced penalties based on petitioner's prior felony drug convictions, the advisory sentencing range was 262 to 327 months' imprisonment, rather than a

statutory mandatory minimum of twenty years to life. See id., [D.E. 773]. On February 28, 2012, petitioner was sentenced to 262 months' imprisonment. Id., J. [D.E. 814]. Petitioner did not appeal.

On June 13, 2016, in reliance upon Johnson v. United States, 135 S. Ct. 2551 (2015) ("Johnson"),[1] petitioner moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Id., Mot. [D.E. 1433]. On August 21, 2017, finding petitioner's Johnson arguments as to his sentence were foreclosed by Beckles v. United States, 137 S.Ct. 886, 895 (2017) ("Beckles"),[2] the sentencing court denied the section 2255 motion. Id., Order [D.E. 1525]. Petitioner appealed. Id., [D.E. 1527]. On December 28, 2017, the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") dismissed petitioner's appeal in an unpublished opinion. Id., [D.E. 1547].

Argument:

Petitioner argues: 1) his career offender status is unconstitutionally vague; and 2) his failure to directly appeal was due to counsel's refusal to file an appeal. See Pet. [D.E. 1] at 6–7. Petitioner contends that, pursuant to Sessions v. Dimaya, 138 S. Ct. 1204 (2018) ("Dimaya"),[3] his 1989 Virginia conviction for Armed Bank Robbery is "too broad" to be a predicate offense for a career offender finding. Id. at 12–13 (citing, in relevant part, Mathis v. United States, 136 S. Ct. 2243 (2016) ("Mathis"); Descamps v. United States, 133 S. Ct. 2276 (2013) ("Descamps"); Shepard v. United States, 544 U.S. 13 (2005) ("Shepard"); Leocal v. Ashcroft, 543 U.S. 1 (2004) ("Leocal");

---

[1] Johnson held the "residual clause" of the Armed Career Criminal Act ("ACCA")–defining a "violent felony" as a felony that "involves conduct that presents a serious potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B)–was unconstitutionally vague. See Johnson, 135 S. Ct. at 2557. The Johnson holding was held to apply retroactively to cases on collateral review. Welch v. United States, 136 S. Ct. 1257, 1265 (2016) ("Welch").

[2] Beckles held that, in contrast to the ACCA residual clause found void in Johnson, a similar residual clause in the Guidelines was not subject to vagueness challenges. See Beckles, 137 S.Ct. at 895.

[3] Dimaya held the residual clause definition of "aggravated felony" in 18 U.S.C. § 16(b), as incorporated into the Immigration and Nationality Act ("INA"), was void for vagueness. See Dimaya, 138 S. Ct. at 1223.

2

United States v. Simms, 914 F.3d 229, 232 (4th Cir. 2019) ("Simms"); United States v. Winston, 850 F.3d 677 (4th Cir. 2017) ("Winston"); United States v. Torres-Miguel, 701 F.3d 165, 166 (4th Cir. 2012) ("Torres-Miguel"); Garcia v. Gonzales, 455 F.3d 465, 467 (4th Cir. 2006) ("Garcia"); United States v. Davis, 903 F.3d 483, 484 (5th Cir. 2018), cert. granted, 139 S. Ct. 782, 202 L. Ed. 2d 511 (2019), and aff'd in part, vacated in part, remanded, 139 S. Ct. 2319 (2019), and reh'g granted in part, No. 16-10330, 2019 WL 5954948 (5th Cir. Nov. 12, 2019) ("Davis").

Petitioner asserts that, under United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018) ("Wheeler"), a section 2241 habeas petition is the proper method to challenge his career-offender sentence. Id. at 14–15. Petitioner contends that Davis, Simms, Winston, and Dimaya are substantive changes of law rendering his Guidelines career-offender sentence a "fundamental defect." Id. at 15.

As to his second argument, petitioner contends that, under Garza v. Idaho, 139 S. Ct. 738 (2019) ("Garza"), his counsel was constitutionally ineffective by failing to file an appeal despite petitioner's explicit request on the day of sentencing. See id. at 16.

Legal Standard:

Section 2241 empowers the court to grant habeas relief to a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c). However, prisoners that are "convicted in federal court are required to bring collateral attacks challenging the validity of their judgment and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C.A. § 2255." In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc).

Here, petitioner challenges the validity, not the execution, of his sentence. Thus, petitioner generally must seek relief under section 2255. See United States v. Poole, 531 F.3d 263, 270 (4th Cir. 2008); In re Jones, 226 F.3d 328, 332–33 (4th Cir. 2000) (per curiam) ("Jones"); In re Vial, 115

3

F.3d at 1194. Petitioner "may file a habeas petition under § 2241 only if the collateral relief typically available under § 2255 'is inadequate or ineffective to test the legality of his detention.'" Prousalis v. Moore, 751 F.3d 272, 275 (4th Cir. 2014) (quoting the "savings clause" of 28 U.S.C. § 2255(e)); see In re Vial, 115 F.3d at 1194 n.5 ("[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision [ ] or because an individual is procedurally barred from filing a § 2255 motion." (citations omitted)).

Under the "Jones test," section 2255 relief is "inadequate or ineffective" if:

> (1) [A]t the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Prousalis, 751 F.3d at 275 (citing In re Jones, 226 F.3d at 333–34).

Under the section 2255(e) "savings clause" test announced in Wheeler, section 2255 relief is "inadequate or ineffective" to test the legality of a sentence when:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429.

If the section 2241 petitioner cannot satisfy the requirements of a section 2255(e) "savings clause" test, the court must dismiss the petition for lack of subject-matter jurisdiction. Id. at 423; see Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (per curiam).

4

Discussion:

Petitioner fails to satisfy the Jones tests because no subsequent change of law has rendered non-criminal the conduct of which petitioner was convicted. See In re Jones, 226 F.3d at 333–34.

The cases upon which petitioner seeks to rely also fail to satisfy the Wheeler test. Because Shepard, Leocal, and Garcia were decided prior to petitioner's section 2255 motion, these cases cannot satisfy the second prong of the Wheeler test. Mathis also cannot satisfy the second prong of the Wheeler test because neither the Supreme Court nor the Fourth Circuit has held that Mathis applies retroactively on collateral review. See Tyler v. Cain, 533 U.S. 656, 663 (2010) (noting that "a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive."); see also Walker v. Kassell, 726 F. App'x 191, 192 (4th Cir. 2018) (per curiam) (unpublished) (noting Mathis has not been held retroactively applicable on collateral review).

Davis, Descamps, Winston, and Simms are not changes of substantive law affecting the legality of petitioner's sentence because the petitioner was sentenced as a career offender under the advisory Guidelines, not under the ACCA. Cf. Davis, 139 S. Ct. at 2336 (holding § 924(c)(3)(B) is unconstitutionally vague); Descamps, 570 U.S. at 261, 264–65, 277 (holding that, because the California Burglary statute was broader than a generic burglary offense, petitioner's conviction was not a predicate offense for an enhanced sentence under § 924(e)); Simms, 914 F.3d at 233–34 (holding conspiracy to commit Hobbs Act Robbery does not qualify as a crime of violence under § 924(c)(3)(A)); Winston, 850 F.3d at 685 (holding "a conviction for Virginia common law robbery does not qualify as a violent felony under the ACCA.").

Dimaya also is not a change of substantive law affecting the legality of petitioner's sentence. Although Dimaya applied the reasoning of Johnson as to the definition of an "aggravated felony"

5

under the INA, see Dimaya, 138 S. Ct. at 1223, Dimaya does not call into question the Beckles holding that advisory Guidelines are not subject to vagueness challenges. See, e.g., Williams v. United States, No. 5:14-CR-17-1H, 2019 WL 267908, at *1 (E.D.N.C. Jan. 18, 2019) ("Dimaya does not apply to the crime of violence definition as provided at USSG § 4B1.2(a)"). Torrez-Miguel also is distinguishable because that case addresses a use of force clause in U.S.S.G. § 2L1.2, not a career offender finding under U.S.S.G. § 4B1.1. See Torres-Miguel, 701 F.3d 165, 171 (4th Cir. 2012).[4]

Moreover, even if petitioner's prior conviction no longer constitutes a predicate offense for a career-offender sentence under the Guidelines, because petitioner was sentenced under the advisory Guidelines, see United States v. Booker, 543 U.S. 220, 245 (2005) (rendering the Guidelines non-mandatory), petitioner cannot satisfy the fourth prong of the Wheeler test. See United States v. Foote, 784 F.3d 931, 941–42 (4th Cir. 2015) (finding that a misapplied career-offender enhancement under advisory Guidelines not a "fundamental defect"); cf. Lester v. Flournoy, 909 F.3d 708, 715–16 (finding Foote inapplicable for petitioner sentenced under pre-Booker mandatory guidelines).

The court now turns to petitioner's second argument. Garza held that an attorney's failure to file a notice of appeal, despite the defendant's express instructions to do so, is presumptively prejudicial ineffective assistance of counsel, even when a defendant pleaded guilty pursuant to a plea agreement with an appeal waiver. See Garza, 139 S. Ct. at 749–50. Because Garza concerns a defendant's post-conviction rights but does not constitute a change of substantive law affecting the legality of petitioner's sentence, Garza also cannot satisfy the second prong of the Wheeler test.

In sum, because petitioner has not satisfied the section 2255(e) "savings clause" requirements under either the Wheeler or the Jones tests, petitioner has failed to demonstrate a section 2255

---

[4] Torrez-Miguel also has been abrogated in relevant part. See United States v. Autrey, 263 F. Supp. 3d 582, 595 (E.D. Va. 2017), aff'd, 744 F. App'x 165 (4th Cir. 2018).

6

motion is "inadequate or ineffective to test the legality of his detention." Thus, the court lacks jurisdiction to consider this section 2241 petition. Wheeler, 886 F.3d at 423; Rice, 617 F.3d at 807.

Finally, because reasonable jurists would not find the court's treatment of any of these claims debatable or wrong, and because none of the issues are adequate to deserve encouragement to proceed further, the court also denies a Certificate of Appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

### Conclusion:

For the reasons discussed above, the court: DISMISSES WITHOUT PREJUDICE this section 2241 habeas petition [D.E. 1] for lack of jurisdiction; DENIES a Certificate of Appealability; and DIRECTS the clerk to close the case.

SO ORDERED. This 10 day of November 2019.

*Terrence Boyle*
TERRENCE W. BOYLE
Chief United States District Judge